Misc. No. 11–8009/MC.  Frank D. Wuterich, Appellant v. David L. Jones, Lieutenant Colonel, United States Marine Corps, in his official capacity as Military Judge, and United States, Appellees.  CCA 200800183.

In the present writ appeal, Appellant seeks various forms of interlocutory relief, including a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a) (2006) (authorizing "all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").  The Supreme Court has held that three conditions must be met before a court may provide extraordinary relief in the form of a writ of mandamus: (1) the party seeking the writ must have "no other adequate means to attain the relief"; (2) the party seeking the relief must show that the "right to issuance of the relief is clear and indisputable"; and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances."  *Cheney v. United States Dist. Court*, 542 U.S. 367, 380–81 (2004) (quotation marks omitted).

The present appeal involves the status of Lieutenant Colonel (LtCol) Colby Vokey, United States Marine Corps (Retired), as one of the defense counsel in Appellant's pending court-martial.  Throughout much of the trial and appellate proceedings, Appellant has been represented by a defense team consisting of both civilian and military counsel.  LtCol Vokey served as one of several military defense counsel prior to his retirement from the Marine Corps.  Subsequently, he served for a period of time, until September 13, 2010, as one of several civilian defense counsel. In the pending writ appeal, Appellant has alleged improper severance of the attorney-client relationship, both with respect to the termination of LtCol Vokey's status as military counsel upon his retirement from active duty, and with respect to the severance of his subsequent status as civilian counsel when LtCol Vokey brought an ethical conflict to the attention of the military judge on September 13, 2010.

A critical focus of Appellant's request for relief on appeal involves an assertion that "LtCol Vokey's conflict was not irreconcilable.  Rather, the potential limitation on LtCol Vokey's representation of Appellant arose solely from an imputed disqualification, not an actual conflict of interest."  According to Appellant, "LtCol Vokey's conflict will be reconciled simply by recalling LtCol Vokey to active duty."  In that regard, Appellant has requested various forms of relief, including "[r]equiring the United States to exercise its authority to return LtCol Vokey to active duty."

The defense posture, both as to the nature of the alleged conflict and as to the requested relief, differs in significant respects from the position of the defense during the proceedings before the military judge.  The defense did not assert at trial that the conflict arose, in the words of the defense appellate brief, "solely from an imputed disqualification, not an actual conflict of interest."  Instead, the defense at trial assured the military judge that the conflict did not simply involve "appearances" and that it was "[m]ore than one of an attorney working at a firm that also happened to represent a witness."  Likewise, the defense, in its request for relief at trial following the severance of LtCol Vokey as civilian counsel, did not assert at trial that the conflict could be resolved, in the words of the appellate brief, "simply by recalling LtCol Vokey to active duty."  Instead, the defense team advised the

military judge that "we on the defense side don't have a solution" and that it would take "mental gymnastics to figure it out."

In short, the writ appeal requests appellate intervention in an ongoing trial in the form of an extraordinary writ that would provide relief not requested from the military judge on a theory not presented to the military judge. In the context of an interlocutory appeal, and the narrowly limited authority to issue a writ of mandamus under *Cheney*, it is neither necessary nor appropriate for this Court to take such action prior to consideration of these matters by the military judge at the ongoing trial.[1]

Accordingly, it is ordered that the writ appeal is hereby denied without prejudice to consideration of the status of LtCol Vokey as defense counsel upon the motion of either party or by the military judge sua sponte during further proceedings in this case, or upon appeal, if any.[2]

---

1. In that regard, we need not address the alternative forms of relief requested by Appellant.

2. In the event of any such proceeding at Appellant's court-martial, the military judge should ensure that there is a complete record, including a verbatim transcript of the proceedings. The military judge also should ensure that the record reflects the pertinent facts regarding any potential conflict; the applicable source of law pertaining to the potential conflict; whether the conflict is actual, imputed, or subject to another characterization under applicable law; whether the conflict requires disqualification or is waivable under applicable law; and, if waivable, whether it has been waived and, if so, by whom. In the course of any such determination, the military judge should address separately, under applicable law, any conflict arising out of: (1) representation of an accused by a lawyer whose law firm represents a separate client with a potential conflicting interest; (2) representation of an accused by a lawyer whose law firm formerly represented a client with a potentially conflicting interest; and (3) representation of an accused by a lawyer in light of the attorney's prior conduct in the case with respect to conflict of interest issues to the extent that such conduct may have been inconsistent with applicable law governing attorney-client relationships. If the military judge determines that any such determination requires an ex parte proceeding, the military judge should ensure that the record establishes the necessity and basis in law for any ex parte proceeding, including the basis in law for any assertion of privilege as the basis for an ex parte proceeding. If the accused is not present for any proceeding, the military judge should set forth in the record the basis in law for conducting the proceeding in the absence of the accused.